ANTONIO MELUCCI *vs.* ARDUINO DE CUBELLIS.

MARCH 25, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This action in assumpsit was tried by a justice of the superior court, sitting with a jury, and resulted in a verdict for the plaintiff in the total sum of $3220, of which said sum $2000 was principal and $1220 was interest. On defendant's motion, the trial justice granted a new trial on the ground that the verdict was not supported by a fair preponderance of the evidence. The case is before us on the plaintiff's exception to this decision of the trial justice.

The case involves the sum of $2000 which the plaintiff claims he loaned the defendant on October 1, 1928. The defendant, admitting the receipt of this sum of money, denies that it was a loan and contends that it was invested by him, at the plaintiff's request and for his benefit, in a second mortgage on certain real estate.

The plaintiff, a laborer with pick and shovel, is illiterate and unable to speak English. He testified through an interpreter. The defendant is a real estate broker. They had been friends for some years prior to 1928, during which time the plaintiff had delivered to the defendant other sums of money.

The plaintiff's testimony respecting the transaction before us is, in substance, that on October 1, 1928, he loaned the defendant $2000; that he then received from the defendant $80 for six months' interest and a piece of paper which the defendant said was his promissory note for $2000; that he received $80 from the defendant every six months as interest until October 1, 1930; that, about the end of October or the beginning of November of that year, he asked the defendant for the $2000, and that the latter's answer was: "Don't be afraid. I will give you the money." He further testified that in January 1931, the defendant came to him and asked to see the note; that, as the defendant was his friend, he showed him the note, which the defendant kept and never returned; and that, notwithstanding his, the plain-

tiff's, many demands for the $2000 and the defendant's repeated promises of payment, the money was never paid.

A summary of the defendant's testimony on the main question involved in this case is as follows. The plaintiff, desiring to invest his money at a greater rate of interest than he could receive on it as a bank deposit, told the defendant that he would take a second mortgage for $2000 on certain property in the city of Providence; that on October 1, 1928, such a mortgage was executed by the owner of the property to the defendant as mortgagee, and recorded at 1:15 p. m. on that day, the alleged reason for this being that the defendant advanced his own money to carry out this transaction; that about 7:30 o'clock in the evening of that day he received $1920 from the plaintiff, the latter retaining $80 as interest on $2000 at 8%; and that at that time he, the defendant, gave the plaintiff a transfer of the mortgage in question but not his promissory note as claimed by the plaintiff.

The defendant further testified that, upon default in the payment of interest on the mortgage in October 1930, he suggested foreclosing the mortgage if the plaintiff wanted his money; that thereafter the plaintiff gave him the transfer of the mortgage and agreed with him that, since the transfer was not recorded, the foreclosure sale should be by him as the mortgagee; that such a sale was held, both he and the plaintiff attending the sale; that he bid the property in and took a deed in his name at the plaintiff's request; that later, at the direction of the plaintiff, he deeded the property to one James Pella, taking back a second mortgage for $3100 in his name, again with the consent of the plaintiff; and that while he was attempting to sell this mortgage at a discount to get the plaintiff his $2000, the mortgage was wiped out under foreclosure proceedings by the holder of the first mortgage on that property.

Interwoven with the evidence directly relating to the issue in this case, we find testimony from the plaintiff respecting

money delivered to the defendant on several occasions prior to the one in question. This testimony was apparently introduced to show a course of conduct between these parties, the plaintiff claiming that all such transactions were loans, while the defendant contended that they were mortgage investments. The conflict in the testimony of the parties on the main issue before the court in the instant case was greatly increased by this testimony of other transactions. When the evidence is considered as a whole, it is reasonably open to different inferences, depending primarily upon the credibility that is given to the testimony of the plaintiff or the defendant.

It is well settled with us that, where the evidence is conflicting, the decision of the trial justice on a motion for a new trial will not ordinarily be disturbed by us unless clearly wrong. In passing on the defendant's motion for a new trial in this case, the trial justice properly confined himself strictly to a consideration of the evidence before him. As far as his decision on that motion is concerned, we cannot say that he was clearly wrong in granting a new trial.

But the plaintiff contends that, in the circumstances here, this court should apply the rule of concurring verdicts and bring this litigation to an end by ordering judgment entered for the plaintiff on the verdict. This contention has merit on the record before us. It appears from such record that this is the third trial of this case to a jury. In each instance the jury returned a verdict for the plaintiff and each time the trial justice granted the defendant's motion for a new trial on the weight of the evidence.

The rule of concurring verdicts is recognized in this state. It is not established by statute but is the voluntary exercise by this court of its supervisory power to end protracted litigation. No invariable number of verdicts is necessary before this court may determine that the rule shall prevail; but in practice, at least since the court and practice act of 1905,

the rule has not been applied until after a third verdict. *Carr* v. *American Locomotive Co.*, 31 R. I. 234, 235; *Bevan* v. *Comstock*, 48 R. I. 285; *Whitworth* v. *United Electric Rys. Co.*, 48 R. I. 301. Before that date, the rule was applied by this court, under the court system then in force, even after a second verdict. *Steadman & Co.* v. *Wilbur*, 7 R. I. 481. See *Rounds* v. *Humes*, 7 R. I. 535. In a case where it appears to this court that the parties have been given sufficient opportunity for a fair determination of disputed questions of fact, it is immaterial whether the last verdict was approved or disapproved by the trial justice. *Bevan* v. *Comstock, supra.*

The authorities on the question of concurring verdicts and the reasons for the rule are fully considered in *Carr* v. *American Locomotive Co., supra.* The determination of questions of fact on conflicting evidence is the peculiar province of the jury. The true solution in such cases cannot always be determined with demonstrative certainty. In such cases, however, neither the court nor the jury can claim to be inerrant. Hence there comes a time when, after repeated verdicts for the same party on evidence upon which such verdicts may reasonably rest, this court will no longer permit interference with the finding of the jury, if the verdict under consideration is unaffected by any prejudicial error of law. *Bevan* v. *Comstock, supra.* It is not to be understood that this court is necessarily bound to apply the rule of concurring verdicts after the third verdict in a case. Whether the rule shall be applied under such circumstances rests entirely in the judgment of this court.

The rule of concurring verdicts is superior to the rule in *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292, which we ordinarily follow in reviewing the decision of a trial justice on a motion for a new trial. *Carr* v. *American Locomotive Co., supra.* In the instant case the defendant has not prosecuted a bill of exceptions in his own behalf, thus claiming any prejudicial error of law which would affect the verdict. Looking at the

evidence before us, we .cannot say conclusively that the jury must have been mistaken or prejudiced in returning a verdict for the plaintiff. The evidence is so conflicting and dependent upon credibility that it reasonably can support such a verdict by the jury.

Confronted with a record showing that three different juries believed the plaintiff and returned three successive verdicts in his favor, on evidence reasonably open to different inferences, it is our opinion that the time has now arrived when this court should bring to an end the litigation in this case by applying the rule of concurring verdicts.

For the reasons stated, the plaintiff's exception is sustained, and the case is remitted to the superior court with direction to enter judgment upon the verdict.

*William H. McSoley,* for plaintiff.

*Frank H. Wildes,* for defendant.